# SWEDISH-AMERICAN NATIONAL BANK OF MINNEAPOLIS v. A. W. LINDQUIST and Another.[1]

May 6, 1910.

Nos. 16,515—(52).

**Striking out Answer as Sham.**

[Motion to strike out as sham an answer in an action upon a promissory note which alleged the note had been paid. Specific affidavits of plaintiff's officers and defendant Lindquist that the note had not been paid were met only by affidavit of answering defendant that he believed the note had been paid. The trial court did not err in striking out the answer. Reporter.]

Action in the district court for Traverse county against A. W. Lindquist and L. H. Bentley to recover $750 upon a promissory note, and change of venue to Hennepin county at the demand of defendant Bentley. The latter alone answered. From an order, Brooks, J., granting plaintiff's motion to strike out the answer of defendant Bentley as sham, false and frivolous, and ordering judgment for plaintiff, defendant appealed. Affirmed.

*Ayers & McDonald,* for appellant.

*F. W. Murphy* and *Thomas Kneeland,* for respondent.

PER CURIAM.

Action upon a promissory note, in which defendant Bentley, an indorser, interposed the defense that his co-defendant, Lindquist, maker of the note, had paid the same and that the action had been prosecuted in the interests of Lindquist. On motion of plaintiff, the court below struck out the answer as sham. Judgment was entered as demanded in the complaint, and defendant Bentley appealed.

An examination of the record leaves no doubt of the correctness of the order striking out the answer. The sole defense interposed was that the note sued on had been paid. The showing of plaintiff in support of the motion to strike out is clear and specific that the note had never been paid, affidavits to that effect being made, not only by the officers of the plaintiff, but by defendant Lindquist himself: whereas defendant Bentley supports the defense of payment by a statement in his affidavit that he believes Lindquist has paid the note. This belief is not supported by any tangible evidence, and his affidavit expressing his belief on the subject being the only support offered in behalf of the defense, the answer was properly stricken out.

Judgment affirmed.

[1] Reported in 126 N. W. 1134.